UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELINA STEIB | CIVIL ACTION |
| VERSUS | NO. 13-5946 |
| WAL-MART STORES, INC., ETC., ET AL | SECTION "C" (3) |

ORDER

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff filed suit in state court on July 1, 2013, alleging personal injuries sustained in a slip and fall on July 14, 2012. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988

F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

    The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet that burden. The defendant relies heavily on the plaintiff's settlement demand in the amount of $156,746.22 and the plaintiff's refusal to sign a

stipulation that damages in excess of $75,000 will not be enforced. The plaintiff provides evidence that the plaintiff's August 2012 MRI revealed mild facet arthrosis with no evidence of disc bulge or herniation and no canal or foraminal stenosis. She was diagnosed with lumbosacral radiculitis and underwent two epidural steroid injections in November 2012, and has incurred approximately $6,746.22 in medical expenses. Rec. Doc. 6. According to the plaintiff, another injection was "apparently" recommended in October 2013, and no surgery has been recommended. Rec. Doc. 7 at 2. The plaintiff cites two cases, *Sepulvado v. Turner*, 862 So.2d 457 (La. App. 2nd Cir. 2003); *Myers v. Broussard*, 696 So.2d 88 (La. App. 3rd Cir. 1997), recognizing awards for general damages in $250,000 and $300,000, respectively. Rec. Doc. 7 at 3. The Court's reading of those cases reveals significant additional damages and medical procedures not presented here, where there is no evidence of other medical conditions requiring past and future treatment or permanent disability. Instead, it would appear that comparison to awards of general damages in the $2,500 to $30,000 range for similar injuries treated by injections is appropriate. *See, e.g., Miller v. Clout*, 857 So.2d 458 (La. 2003)($2,500); *Armentor v. Safeway Insurance Co.*, 972 So.2d 444 (La. App. 3rd Cir. 2007)($30,000); *Billiot v. K-Mart Corp.*, 764 So.2d 329 (La. App. 1st Cir. 2000)($5,000); *Hammons v. City of Tallulah*, 705 So.2d 276 (La. App. 1998)($12,500). The fact that the

plaintiff's offer of settlement exceeded the jurisdictional minimum can not be determinative in the absence of medical documentation of disability or other factual support; otherwise, subject matter jurisdiction could be effectively conferred by consent.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 25th day of November, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE